**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| BETH MULLIN,<br><br>                    Plaintiff,<br><br>         v.<br><br>THE J. M. SMUCKER COMPANY<br><br>                    Defendant. | Case No. __4:24-cv-507_____ |

**NOTICE OF REMOVAL**

Defendant The J. M. Smucker Company ("Smucker" or "Defendant"), by filing this Notice of Removal and related papers, removes this lawsuit from the Wise County District Court, 271st District, to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has subject matter jurisdiction, and the case is removable under 28 U.S.C 1441 (a) because there is complete diversity between Plaintiff Beth Mullin and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

In support of this Notice of Removal, Defendant provides the following short and plain statement of the grounds of removal:

**JURISDICTION AND BASIS FOR REMOVAL**

1.      This case is properly removed to this Court pursuant to §§ 1332(a)(1) and 1441 because this Court has jurisdiction over this civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of costs and interest.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Original Petition is attached to this Notice of Removal as **Exhibit A.**

Notice of Removal                                                                                                    Page 1

**A.      The Parties are Diverse.**

2.      Complete diversity exists, and at all relevant times has existed, between the parties to this action.

3.      Plaintiff resides in the State of Texas. *See* **Ex. A** at ¶ 3.1. For diversity purposes, an individual is a citizen of the state in which they are domiciled. 28 U.S.C. § 1332. Therefore, Plaintiff is a citizen of Texas.

4.      For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

5.      Defendant is incorporated in Ohio and has its company headquarters (and principal place of business) in Orrville, Ohio. *See* **Ex. A** at ¶ 3.2. Smucker is therefore a citizen of Ohio.

6.      Complete diversity of citizenship therefore exists between Plaintiff and Defendant.

**B.      The Amount in Controversy Exceeds $75,000.**

7.      Pursuant with 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

8.      Plaintiff seeks monetary relief of over $250,000 to $1,000,000. *See* **Ex. A** at ¶ 2.1. Thus, the amount in controversy exceeds $75,000.

9.      Pursuant to 28 U.S.C. section 1446(a) and Local Rule 81.1, attached hereto are the following:

| Exhibit | Description | Date Filed in State Court |
|---------|-------------|---------------------------|
| A | Plaintiff's Original Petition | April 23, 2024 |
| B | Docket Sheet from State Court | N/A |

## ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

### A.    Removal is Timely.

10.    Plaintiff filed the Original Petition in the Wise County District Court, 271st District, on April 23, 2024.

11.    Plaintiff has not yet served Defendant with a copy of the Original Petition.

12.    Defendant is entitled to remove this action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief on which the action is based, or within 30 days after the service of the summons.  *See* 28 U.S.C. § 1446(b).  The United States Supreme Court has interpreted this statute to mean that the removal period begins when a defendant is formally served, rather than upon receipt of a complaint through informal means.  *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 354-356 (1999).

13.    Defendant accepted service on May 7, 2024 pursuant to Tex. R. Civ. P. 119. As such, the Notice of Removal is due within 30 days of service, on June 6, 2024. This motion is timely.

### B.    This is the Proper Venue for Removal

14.    The United States District Court for the Northern District of Texas embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Northern District of Texas pursuant to 28 U.S.C. §§ 124(d) and 1441(a).[1]

### C.    All Other Procedural Requirements Have Been Met.

15.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action

---

[1] By noting that this is the proper venue for removal, Defendant does not concede that the case should not thereafter be transferred to a more appropriate forum under 28 U.S.C. § 1404(a) or on any other basis.

is currently pending. Defendant will also serve written notice of the filing of this Notice of Removal on counsel for Plaintiff.

16.    By filing this Notice of Removal, Defendant does not waive any rights, privileges, or defenses, including defenses related to personal jurisdiction, and does not concede that this is an appropriate or convenient forum for resolution of these claims.

17.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

18.    By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections they may have in this action. Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, Defendant respectfully removes this action bearing Cause No. CV24-04-311 from the Travis County District Court, 455th District, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: May 31, 2024                Respectfully submitted,


By:      */s/ Kendall K. Hayden*
         Kendall Kelly Hayden, Lead Attorney
         State Bar No. 240461797
         **COZEN O'CONNOR**
         1717 Main Street, Suite 3100
         Dallas, TX 75201
         Tel: (214) 462-3000
         Fax: (214)-462-3299
         khayden@cozen.com

         *Counsel for Defendant*
         *The J. M. Smucker Company*


Notice of Removal                                                        Page 4

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys for Plaintiff identified below, via email, a copy of the foregoing document.

> David B. Joeckel, Jr.
> THE JOECKEL LAW OFFICE
> 219 South Main Street, Suite 301
> Fort Worth, Texas 76104
> dbj@joeckellaw.com.

.

> */s/ Kendall Hayden*
> Kendall Hayden
> *An Attorney for Defendant*
> *The J. M. Smucker Company*